IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AHMAAD R. COOKS, | ) |
|                 **Plaintiff,** | ) |
| v. | ) Case No. 16-CV-66-JED-TLW |
| (1) INDUSTRIAL PIPING SPECIALISTS, INC.; | ) |
| (2) MIKE DIETERLE; | ) |
| (3) JEFF SMITH; | ) |
| (4) JAMES HAMILTON; | ) |
| (5) CHAD SPARKS; and | ) |
| (6) CHRIS CRAWFORD | ) |
|                 **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss of Defendants Mike Dieterle, Jeff Smith, James Hamilton, Chad Sparks and Chris Crawford (the "Motion") (Doc. 16). On September 13, 2016, plaintiff filed a Motion for Extension of Time to Obtain Counsel. (Doc. 18). The Court granted plaintiff's request, allowing him thirty days from October 5, 2016 to secure counsel and respond to defendants' Motion. (Doc. 20). As of the date of this Opinion and Order, plaintiff has failed to both retain counsel and submit a response to the Motion. The Local Rules of this Court provide that if a party fails to file a response to a dispositive motion, the Court may, in its discretion, provide the party an additional fourteen days to respond, after which the case will be dismissed or the motion will be deemed confessed, as appropriate. *See* LCvR7.2(f). Far more than fourteen days have passed since the Court's deadline. Accordingly, defendants' Motion is deemed confessed and the relief requested may be entered. Nonetheless, the Court has reviewed the merits of defendants' Motion and finds it should be **granted**.

**I.      Plaintiff's Pro Se Status**

Plaintiff is proceeding pro se and in forma pauperis. Pro se pleadings must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."). But even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *See Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994). A court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**II.     Defendants' Motion to Dismiss**

Plaintiff filed this lawsuit on February 4, 2016 against his former employer and former coworkers in their individual capacities, alleging discrimination in violation of Title VII based upon workplace harassment, wrongful discharge, failure to promote, and a hostile work environment. (Doc. 1). The instant Motion, filed by the individually named defendants, argues that plaintiff's Complaint should be dismissed as to them because it fails to state a claim under Fed. R. Civ. P. 12(b)(6) and because they were not properly served pursuant to Fed. R. Civ. P. 12(b)(5).

### A. Failure to State a Claim

The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). The *Twombly* pleading standard is applicable to all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). The liberal standard applicable to a pro se plaintiff "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

Plaintiff filed this lawsuit against his former employer, Industrial Piping Specialists, Inc. ("IPS") and Mike Dieterle, Jeff Smith, James Hamilton, Chad Sparks, and Chris Crawford. Plaintiff's Complaint suggests that the individually named defendants are IPS employees and supervisors. In their Motion, defendants argue that as employees, they are not proper defendants to a Title VII lawsuit. For the reasons discussed below, the Court finds merit to defendants' argument.

The Tenth Circuit has repeatedly held that "relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Sauers*

*v. Salt Lake Cty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (italics in original) (citations and quotations omitted). Accordingly, "the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.*; *see also Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("[W]e continue to adhere to this court's established . . . rule that personal capacity suits against individual supervisors are inappropriate under Title VII.").

In this case, plaintiff directly named his employer, IPS, as a defendant. Precedent thus dictates that naming defendants Dieterle, Smith, Hamilton, Sparks, and Crawford in addition to IPS is redundant and warrants their dismissal from this action. *See Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005) (unpublished) (affirming district court's dismissal of supervisors as defendants because "the employer is already subject to suit directly in its own name"); *Ledbetter v. City of Topeka, Kan.*, 112 F. Supp. 2d 1239, 1243 (D. Kan. 2000), *aff'd sub nom. Ledbetter v. City of Topeka, Kansas*, 61 F. App'x 574 (10th Cir. 2003) ("Where, as here, the employer has been named as a defendant, the naming of alleged individual supervisors in their official capacity, whose actions may give rise to liability under Title VII, is redundant."). The Court thus grants defendants' Motion.

### B. Insufficient Service of Process

The Court declines to address defendants' argument regarding insufficient service of process, as it determined above that the individually named defendants are improper parties to this lawsuit. However, the Court finds that a discussion of service is warranted as to defendant IPS, as it appears IPS was never served in this case.

Under Federal Rule of Civil Procedure 4(h), a corporation must be served in the manner prescribed for service upon individuals, *see* Fed. R. Civ. P. 4(e)(1), or by service upon an officer

4

or agent of the corporation authorized to receive service of process. *See* Fed. R. Civ. P. 4(h). The Oklahoma statute requires service to be made on a business entity in the same manner. *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(3). Rule 4(m) further dictates that if a plaintiff fails to serve a defendant within 90 days after filing the complaint, the Court "on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

As noted, plaintiff filed his Complaint on February 4, 2016. (Doc. 1). On July 6, 2016, the Court entered an Order to Show Cause, notifying plaintiff that more than ninety days had passed since the Complaint was filed and the docket failed to show that any defendant had been served. (Doc. 8 at 1). The Court further informed plaintiff that if he failed to show proof of service by August 22, 2016 "as to any or all of the defendants, or to show good cause for such failure, this action will be dismissed without prejudice as to any unserved defendants pursuant to Fed. R. Civ. P. 4(m)." (*Id.*). The docket reflects that defendants Dieterle, Smith, Hamilton, Sparks, and Crawford were properly served by the Court's deadline. (Docs. 9-14). Despite the Court's Order, however, there is no indication that defendant IPS was ever served, nor that any of the other named defendants were officers or agents authorized to receive service of process on behalf of IPS. *See* Fed. R. Civ. P. 4(h). Further, plaintiff has failed to show good cause for his failure to serve IPS. The Court's July 6, 2016 Order and the Federal Rules of Civil Procedure thus make clear that dismissal of IPS as a defendant is also proper.

### III. Conclusion

For the reasons set forth above, the Motion to Dismiss of Defendants Mike Dieterle, Jeff Smith, James Hamilton, Chad Sparks and Chris Crawford (the "Motion") (Doc. 16) is **granted**.

IT IS THEREFORE ORDERED that defendants Dieterle, Smith, Hamilton, Sparks, and Crawford are hereby **dismissed without prejudice**.

IT IS FURTHER ORDERED that defendant Industrial Piping Specialists, Inc. is **dismissed without prejudice**. In light of the Court's rulings, the plaintiff's Complaint (Doc. 1) is hereby **dismissed without prejudice.** A separate judgment of dismissal will be filed forthwith.

SO ORDERED this 19th day of January, 2017.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE